<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FORMOSA PLASTICS CORPORATION, U.S.A., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:20-cv-14338 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant ACE American Insurance Company's ("ACE") Appeal (ECF No. 64) of the Honorable Jessica S. Allen, U.S.M.J.'s June 8, 2023 Order denying ACE's request to compel Plaintiffs Formosa Plastics Corporation, U.S.A. and Formosa Plastics Corporation, Texas (collectively, "Formosa") to produce certain documents Formosa has redacted and/or withheld pursuant to the attorney-client privilege and/or work-product doctrine. (ECF No. 62.) Formosa opposed the Appeal. (ECF No. 68.) ACE filed a reply in further support of the Appeal. (ECF No. 70.) Having reviewed the parties' submissions filed in connection with the Appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, ACE's Appeal is **DENIED** and Judge Allen's Order is **AFFIRMED**.

I. **BACKGROUND**[1]

    A. **Factual Background**

This matter arises from an insurance coverage dispute in which Formosa seeks to recover amounts claimed to be covered under a pollution liability insurance policy issued by ACE. (*See generally* Compl. (ECF No. 1).) ACE sold a Global Premises Pollution Liability Policy to Formosa to cover Formosa's pollution liability for the period of 2010 through 2019 (the "Policy"). (*Id.* ¶ 10.) Formosa alleges ACE has refused to honor its contractual coverage obligations for amounts Formosa incurred in defense and settlement of a complaint brought by the San Antonio Bay Estuarine Waterkeeper and S. Diane Wilson (collectively, "Waterkeepers") for alleged violations of the Federal Water Pollution Act (the "*Waterkeeper* Action"). (*Id.* ¶¶ 1–2.)

On July 31, 2017, Waterkeepers filed the *Waterkeeper* Action in the United States District Court for the Southern District of Texas. (*Id.* ¶ 48.) Within seven days of being served with the complaint, on August 11, 2017, Formosa reported the *Waterkeeper* Action to ACE, as a claim under the policy and informed ACE it had retained Kelly Hart & Hallman LLP ("Kelly Hart"). (*Id.* ¶ 52–53.) On October 30, 2017, ACE sent a letter to Formosa wherein it agreed to provide Formosa a defense in the *Waterkeeper* Action subject to a reservation of rights and consented to Formosa's retention of Kelly Hart. (ECF No. 1 ¶¶ 54–55; Countercl. (ECF No. 24 ¶ 29).)

In late September 2018, Formosa and Waterkeepers participated in an unsuccessful, full-day mediation that ACE was not made aware of until October 2018. (ECF No. 1 ¶¶ 57–58; ECF No. 24 ¶¶ 36–38.) The *Waterkeeper* Action proceeded to a one-week liability bench trial that

---

[1] The factual and procedural background of this matter are well-known to the parties and were previously recounted by Judge Allen in the June 8, 2023 Opinion. (ECF No. 61.) Therefore, in the interest of judicial economy, the Court includes only the facts and procedural background relevant to the Appeal.

commenced on or about March 25, 2019. (ECF No. 1 ¶ 63; ECF No. 24 ¶ 40.) ACE was not made aware of the liability trial until May 25, 2019. (ECF No. 1 ¶ 58, 64–65; ECF No. 24 ¶¶ 37–42.)

On June 27, 2019, the United States District Court for the Southern District of Texas issued a memorandum and order finding Formosa liable for violations of the Clean Water Act. (ECF No. 1 ¶ 68.) In August 2019, Formosa retained Holland & Knight, LLP ("Holland & Knight") to serve as settlement counsel while Kelly Hart focused on the upcoming penalty trial. (ECF No. 61 at 3.) On October 9, 2019, Formosa advised ACE it had retained Holland & Knight to pursue possible settlement with Waterkeepers. (ECF No. 1 ¶ 74; ECF No. 24 ¶¶ 52–53.) On October 10, 2019, Waterkeepers and Formosa reached a settlement-in-principle, to be memorialized in a consent decree. (ECF No. 1 ¶ 78.) On October 15, 2019, Formosa advised ACE of the settlement. (*Id*. ¶¶ 79–80.) ACE claims Formosa settled the *Waterkeeper* Action without its knowledge or consent. (ECF No. 24 ¶¶ 54–56.)

On December 6, 2019, the United States District Court for the Southern District of Texas entered the proposed consent decree. (ECF No. 1 ¶ 83.) On December 13, 2019, ACE sent a letter formally denying coverage for: the settlement of the Waterkeeper Action; any costs incurred after October 15, 2019; and any costs incurred by Formosa to retain Holland & Knight as settlement counsel. (ECF No. 1 ¶¶ 85–98.) ACE did provide coverage for a portion of the costs incurred by Formosa to retain Kelly Hart. (*Id*. ¶¶ 96–99.)

**B.  Procedural Background**

Formosa filed a Complaint alleging breach of contract on October 13, 2020. (ECF No. 1.) ACE denied the allegations in the Complaint and asserted counterclaims which alleged breach of contract and sought a declaratory judgment finding no coverage is owed under the policy. (Second Am. Answer and Countercl. (ECF No. 24).)

Fact discovery was originally scheduled to close on March 15, 2022. (ECF No. 33.) On March 1, 2022, the parties submitted a joint status letter to Judge Allen outlining the privilege disputes and the parties' respective positions. (*See generally* ECF No. 46.) In the joint letter, Formosa detailed its challenge to ACE's assertion of attorney-client communication over communications with the two law firms ACE had retained. (*Id*. at 2.) Additionally, ACE detailed its challenge to Formosa's assertion of attorney-client privilege over communications between Formosa and Kelly Hart as well as communications between Formosa and Holland & Knight. (*Id*. at 2–3.)

On March 9, 2022, Judge Allen held a telephonic status conference to address the parties' respective privilege disputes. (ECF No. 61 at 5–6.) The parties were unable to informally resolve the disputes. (*Id*. at 6.) Thereafter, Judge Allen entered an Order directing the parties to submit letter briefs arguing their respective claims of privilege and provide a representative sampling of the disputed documents for Judge Allen's *in camera* review. (ECF No. 47.) On August 10, 2022, Judge Allen requested the parties provide supplemental briefing on choice of law issues. (ECF No. 53.) On August 26, 2022, the parties submitted letter briefs in which the parties agreed federal law applied to claims of work product protection and the Court could apply New Jersey law to claims of attorney-client privilege. (ECF Nos. 55, 56.)[2]

This discovery dispute involves whether five hundred and thirty (530) documents relating to the *Waterkeeper* Action which contain attorney-client privileged communications and/or work

---

[2] Formosa asserted Judge Allen could apply New Jersey law because there was no conflict between New Jersey and Texas law on the privilege issues. Notwithstanding, Formosa also contended Texas law would apply, if a conflict presented itself, because Texas had the most significant relationship with Formosa's privileged communications. (ECF No. 55 at 3–4.)

product should be produced. (ECF No. 61 at 19.) Additionally, ACE seeks to compel the production of one document withheld based on the mediation privilege. (*Id*. at 19–20.)

On June 8, 2023, Judge Allen issued an Opinion and Order denying ACE's motion to compel discovery based on the common interest doctrine, "at issue" doctrine, and fairness grounds. (ECF Nos. 61, 62.) Section IV of Judge Allen's Opinion addressed ACE's motion to compel. (ECF No. 61 at 19–27.) On June 22, 2023, ACE filed an appeal from Section IV of Judge Allen's June 8, 2023 Opinion and the accompanying order. (ECF No. 64.) On July 3, 2023, Formosa filed an opposition. (ECF No. 68.) On July 10, 2023, ACE filed a reply in further support of its appeal. (ECF No. 70.)

## II.   LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

"A discovery order is generally considered to be non-dispositive." *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R.

72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

A district court "will determine that a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 92 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law").

A district court may also apply a more deferential standard, the abuse of discretion standard "[w]here the appeal seeks review of a matter within the exclusive authority of the [m]agistrate [j]udge, such as a discovery dispute." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also Callas v. Callas*, Civ. A. No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming

6

magistrate judge's order on discovery dispute under the abuse of discretion standard); *Kresefsky v. Panasonic Commc'ns. and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997) (noting that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). An abuse of discretion arises "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)). Further, "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. U.S.*, 518 U.S 81, 100 (1996); *see also Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) ("Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones.").

### III.   DECISION

ACE asserts a magistrate judge's legal conclusions are reviewed *de novo* (ECF No. 64-1 at 5) (citing *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)), whereas Formosa asserts the Court should employ a clearly erroneous standard of review (ECF No. 68 at 6–7). This Appeal arises out of a discovery dispute, whether Formosa is required to produce documents relating to the *Waterkeeper* Action, a matter within the exclusive discretion and authority of Judge Allen. *See Miller*, 2006 WL 2770980, at *1; *Callas*, 2019 WL 449196, at *2; *Kresefsky*, 169 F.R.D. at 64. Notwithstanding, Judge Allen's June 8, 2023 Opinion denies

7

ACE's request to compel Formosa to produce the subject documents and applies the common interest doctrine, "at issue" doctrine, and implicit waiver based on fairness. Therefore, the Court applies the "clearly erroneous and contrary to law" standard of review incorporating a plenary review as to matters of law. *See Cooper Hosp.*, 183 F.R.D. at 127–28.

### A. The Common Interest Doctrine[3]

ACE argues Judge Allen's June 8, 2023 Opinion and Order denying ACE's motion to compel discovery should be reversed because Judge Allen erred as a matter of law in concluding the common interest doctrine does not compel Formosa's production of the documents. (ECF No. 64-1 at 5–9.) ACE submits the common interest doctrine applies because: ACE agreed to defend Formosa then paid for Formosa's defense costs; and Formosa shared documents outlining litigation strategy with ACE but did not express privilege concerns. (*Id*. at 6.) ACE further contends, in pertinent part,

> [w]here, as here, the issue of coverage concerns whether an insured has complied with the policy's reporting and cooperation provisions, and where the insured and insurer shared a common interest in the defense of the underlying litigation, the insurer is entitled to the insured's communications with its defense counsel in the underlying litigation, for purposes of obtaining the insured's compliance with the policy's reporting and cooperation provisions.

(*Id*. at 7.) In reliance upon *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322 (Ill. 1991) and *N. River Ins. Co. v. Phila. Reins. Corp.*, 797 F. Supp. 363, 366–67 (D.N.J. 1992), ACE argues Formosa failed to comply with the reporting, cooperation, and consent-to-settle provisions of the Policy, and therefore Formosa should be compelled to produce the subject documents under the common interest doctrine. (*Id*. at 7–9.)

---

[3] ACE does not dispute the subject documents are protected by the attorney-client privilege or the work-product doctrine therefore the Court proceeds to an analysis of the common interest doctrine.

8

In opposition of ACE's Appeal, Formosa submits Judge Allen did not abuse her discretion or commit clear error in concluding the common interest doctrine did not compel disclosure of Formosa's privilege documents. (ECF No. 68 at 7–11.) Formosa counters the common interest doctrine is not a forced-sharing rule that can be affirmatively used to compel production of discovery. (*Id*. at 7.) Formosa asserts ACE's reliance on *N. River Ins.* and *Waste Mgmt.* is misguided. (*Id*. at 8–11.) Formosa submits ACE fails to identify any New Jersey case applying an expansive view of the common interest doctrine. (*Id*. at 9.)

In reply, ACE reiterates the Court should adopt the rationale set forth by the Supreme Court of Illinois in *Waste Mgmt.* and acknowledged by the District of New Jersey in *N. River Ins*. (ECF No. 70 at 2–5.) ACE contends Formosa incorrectly concludes the common interest doctrine cannot be used to offensively compel production of documents under New Jersey caselaw. (*Id*. at 2–3.) ACE submits "where, as here, an insurer agrees to participate in the insured's defense, the insured's failure to comply with the policy's cooperation clause enables the insurer to obtain such attorney-client communications relevant to such breach under the common interest doctrine." (*Id*. at 5.)

The common interest doctrine is not an independent basis for privilege. Under the common interest doctrine, a party does not waive any privilege by disclosure of privileged communications to a third-party with a common interest. *O'Boyle v. Boro. of Longport*, 94 A.3d 299, 316–17 (N.J. 2014). In *O'Boyle*, the Supreme Court of New Jersey held

> [t]he common interest exception to waiver of attorney-client communications or work product due to disclosure to third parties applies to communications between attorneys for different parties if the disclosure is made due to actual or anticipated litigation for the purpose of furthering a common interest, and the disclosure is made in a manner to preserve the confidentiality of the disclosed material and to prevent disclosure to adverse parties.

9

*Id*. at 317 (citing *LaPorta v. Gloucester Cnty.*, 774 A.2d 545, 549 (N.J. Super. Ct. App. Div. 2001)). In order for there to be a common interest between the parties, the interest "need not be identical; a common purpose will suffice." *Id*. (internal citation omitted).

In the context of an insurance coverage dispute, the common interest doctrine permits disclosure of otherwise privileged communications "when counsel has been retained or paid for by the insurer, and . . . the interests of the insured and insurer in defeating the third-party claim against the insured are so close that no reasonable expectations of confidentiality is said to exist." *N. River Ins.*, 797 F. Supp. at 366 (citation and quotation marks omitted). Additionally, the common interest doctrine is applicable in this context "only when it has been determined that the defendant insurer is obligated to defend the underlying action brought against the insured and only when the parties have employed a lawyer to act for them in common." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 144 F.R.D. 225, 231 (D.N.J. 1992) (citations and quotation marks omitted). "The fact that plaintiffs' actions inure to their insurers' ultimate benefit does not create an 'employment' of plaintiffs' counsel on the insurer's behalf." *In re Env't Ins. Declaratory Judgment Actions*, 612 A.2d 1338, 1342 (N.J. Super. Ct. App. Div. 1992).

The Court finds ACE has not satisfied its burden of showing Judge Allen's decision—denying the application of the common interest doctrine—was clearly erroneous or contrary to law. In the Opinion, Judge Allen set forth the facts, the parties' arguments, and the relevant case law, then held the common interest doctrine does not compel Formosa's production of the disputed discovery because the common interest doctrine "is not a 'forced sharing rule,' and courts have 'almost uniformly rejected' using the common interest doctrine as an affirmative basis to compel the production of documents, treating it instead 'purely as protection against waiver when information is voluntarily shared.'" (ECF No. 61 at 22) (citing William T. Barker, The

10

Attorney-Client Privilege, Common-Interest Arrangements and Networks of Parties with Preexisting Obligations, 53 Tort Trial & Ins. Practice Law Journal 1 at 39–40 (2017)). Based on Judge Allen's application of the relevant case law and the Court's plenary review of the applicable law, the Court finds Judge Allen did not err as a matter of law in rejecting ACE's contention that Formosa should be compelled to share attorney-client privileged documents because of the common interest doctrine. The Court declines to apply the common interest doctrine given the absence of case law in New Jersey invoking the common interest doctrine in a similar fashion as sought here. *See Pittston Co. v. Allianz Ins. Co.*, 143 F.R.D. 66, 69–71 (D.N.J. 1992).[4] Further, the Court is not persuaded by ACE's reliance on *Waste Mgmt.*, a Supreme Court of Illinois decision which applies Illinois law.[5] Accordingly, the Court finds Judge Allen's denial of ACE's motion to compel based upon the common interest doctrine was not clearly erroneous or contrary to law.

### B.  "At Issue" Doctrine

ACE also argues Judge Allen erred in concluding the advice of Formosa's defense counsel in the *Waterkeeper* Action is not "at issue." (ECF No. 64-1 at 10–12.) ACE submits Formosa's breach of the Policy's reporting, cooperation, and consent-to-settle provisions places the subject documents "at issue" because: (1) compliance with the provisions is a condition precedent to

---

[4] This Court previously upheld an order by the Honorable Edward S. Kiel, U.S.M.J. denying a motion to compel based on the common interest doctrine under factually similar circumstances. *GEA Mech. Equip. U.S., Inc. v. Federal Ins. Co.,* Civ. A. No. 20-09741, 2021 WL 2155055 (D.N.J. May 26, 2021). Therein, the Court also recognized the absence of New Jersey cases where the "common interest doctrine was used offensively." *Id*. at *3.

[5] The Court appreciates ACE's arguments regarding the District Court of New Jersey's nuanced holdings in *N. River Ins.*, however, Ace has failed to identify any New Jersey cases in which the common interest doctrine was successfully invoked due to the insured's breach of a contractual provision. Indeed, the Court's own research similarly did not reveal any relevant New Jersey caselaw.

coverage; (2) Formosa contends ACE must demonstrate it was prejudiced by Formosa's failure to involve ACE in the *Waterkeeper* Action; and (3) Formosa failed to communicate with ACE during the *Waterkeeper* Action. (*Id.*) In opposition, Formosa contends Judge Allen properly held Formosa has not placed privileged documents "at issue" because it does not seek to rely upon privileged communications to support its claims or defenses. (ECF No. 68 at 12–13.) In reply, ACE reiterates the very nature of this coverage dispute—Formosa's breach of the Policy's provisions—places the subject documents "at issue." (ECF No. 70 at 5–6.)

New Jersey "recognize[s] implicit waiver of the attorney-client privilege 'where the [client] has placed in issue a communication which goes to the heart of the claim in controversy.'" *In re Grand Jury Subpoena Issued to Galasso*, 913 A.2d 78, 87 (N.J. Super. Ct. App. Div. 2006) (quoting *Kinsella v. Kinsella*, 696 A.2d 556, 568–69 (N.J. 1997)). The "at issue" waiver of the attorney-client privilege is effective when the party seeks to rely upon the privileged materials to support a claim or defense. *Pittston Co.*, 143 F.R.D. at 71.

ACE has not provided sufficient support for this Court to conclude this portion of Judge Allen's decision was clearly erroneous or contrary to law. In the June 8, 2023 Opinion, Judge Allen found "there is nothing to suggest that Formosa has placed advice of counsel [from the *Waterkeeper* Action] at issue, as none of its claims or defenses depend on privileged information." (ECF No. 61 at 24.) ACE's repeated assertion that the nature of the instant coverage dispute places the subject documents "at issue" is unavailing. Indeed, Formosa noted it will not rely on privileged communications to support its claims or defenses. (ECF No. 68 at 13.) Further, an insured's privileged communications with its attorney are not placed at issue by the insured's mere attempt to obtain coverage for a settlement. *See NL Indus.*, 144 F.R.D. at 233. The Court agrees with Formosa's argument raised in its opposition, "it is hard to envision how Formosa could ever seek

12

to rely on documents and communications it never voluntarily provided to ACE (and withheld from discovery) as evidence in support of its compliance with the Policy's reporting, cooperation, or consent-to-settlement provision." (ECF No. 68 at 13.) The Court therefore finds Judge Allen's denial of ACE's motion to compel based upon the "at issue" doctrine was not clearly erroneous or contrary to law.

### C. Waiver Based on Fairness

In the interests of fairness, ACE argues Formosa should not be able to benefit from withholding the documents it was contractually required to provide. (ECF No. 64-1 at 12.) In opposition, Formosa argues Judge Allen properly rejected ACE's attempt to impose a blanket "fairness" exception to attorney-client privilege. (ECF No. 68 at 14.) In reply, ACE asserts Formosa's failure to adequately communicate with ACE during the Waterkeeper Action requires production of the subject documents. (ECF No. 70 at 6.) ACE further reiterates its arguments predicated on "the interest of fairness." (*Id.* at 6–7.)

The Court finds ACE has not satisfied its burden of showing Judge Allen's decision—denying the motion to compel based on fairness grounds—was clearly erroneous or contrary to law. The Court agrees with Judge Allen's analysis of the narrow circumstances that the attorney-client privilege may be pierced as set forth in *State v. Mauti*, 33 A.3d 1216 (N.J. 2012). (ECF No. 61 at 25–26.) ACE has not provided any support for this Court to conclude Judge Allen's decision was clearly erroneous or contrary to law. ACE vaguely alludes to the "interests of fairness." (ECF No. 64-1 at 12; ECF No. 70 at 6.) The Court therefore finds ACE has failed to demonstrate Judge Allen "misinterpreted or misapplied applicable law." *Kounelis*, 529 F. Supp. 2d at 518. Accordingly, the Court finds Judge Allen's denial of ACE's motion to compel based upon fairness grounds was not clearly erroneous or contrary to law. ACE's Appeal is **DENIED**.

13

## IV. CONCLUSION

For the reasons set forth above, ACE's Appeal (ECF No. 64) is **DENIED**, and the Honorable Jessica S. Allen, U.S.M.J.'s June 8, 2023 Order (ECF No. 62) is **AFFRIMED**. An appropriate order follows.


Dated: October 12, 2023      */s/ Brian R. Martinotti*
                             **HON. BRIAN R. MARTINOTTI**
                             **UNITED STATES DISTRICT JUDGE**